**WEILAND GOLDEN GOODRICH LLP**
Jeffrey I. Golden, State Bar No. 133040
jgolden@wgllp.com
Reem J. Bello, State Bar No. 198840
rbello@wgllp.com
Ryan W. Beall, State Bar No. 313774
rbeall@wgllp.com
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Telephone    714-966-1000
Facsimile    714-966-1002

Counsel for Chapter 7 Trustee
Weneta M.A. Kosmala

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>FARHAD MOHEBBI,<br><br>Debtor. | Case No. 8:19-bk-11975-TA<br><br>Chapter 7 |
| WENETA M.A. KOSMALA, Chapter 7 Trustee,<br><br>Plaintiff,<br><br>v.<br><br>FARHAD MOHEBBI, an individual, and NASIM A. MOHEBBI, an individual<br><br>Defendants. | Adv. No.<br><br>**COMPLAINT:**<br><br>**(1) FOR IMPOSITION OF RESULTING TRUSTS**;<br>**(2) DECLARATORY RELIEF;**<br>**(3) TURNOVER OF PROPERTY OF THE ESTATE PURSUANT TO 11 U.S.C. § 542(a); AND**<br>**(4) FOR AUTHORIZATION TO SELL REAL PROPERTY IN WHICH CO-OWNER HOLDS INTEREST PURSUANT TO 11 U.S.C. § 363(h)** |

1272964.1                                                                                                        COMPLAINT

Plaintiff Weneta M.A. Kosmala, the duly appointed, qualified and acting Chapter 7 trustee ("Trustee") for the bankruptcy estate ("Estate") of Farhad Mohebbi, hereby files this complaint for: (1) Imposition of Resulting Trusts, (2) Declaratory Relief, (3) Turnover of Property of the Estate Pursuant to 11 U.S.C. § 542(a), and (4) For Authorization to Sell Real Property in Which Co-Owner Holds Interest Pursuant to 11 U.S.C. § 363(h) ("Complaint") against Farhad Mohebbi, an individual, and Nasim A. Mohebbi, an individual, (each a "Defendant" and collectively "Defendants"[1]) and alleges that:

## STATEMENT OF JURISDICTION AND VENUE

1. The Bankruptcy Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §1334 and 11 U.S.C. §§ 105 and 323.  This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (E), and (O).

2. The Bankruptcy Court has constitutional jurisdiction to enter a final judgment in this adversary proceeding.

3. Venue properly lies in this judicial district where the civil proceeding arises under title 11 of the United States Code as provided in 28 U.S.C. § 1409.

4. This adversary proceeding arises out of and relates to the case entitled *In re Farhad Mohebbi,* Case No. 8:19-bk-11975-CV, filed on May 22, 2019, and currently pending in the United States Bankruptcy Court, Central District of California, Santa Ana Division.

5. This is an adversary proceeding for the imposition of a resulting trust, declaratory relief and turnover of property of the Estate pursuant to 11 U.S.C. § 542(a).

## STATEMENT OF STANDING

6. The Debtor filed a Chapter 7 bankruptcy petition on May 22, 2019 ("Petition Date").

---

[1] Farhad Mohebbi, despite being named as Defendant in this Complaint, is generally referred to as the Debtor throughout the Complaint.

7. The Plaintiff was subsequently appointed as the duly qualified and acting Chapter 7 trustee of the Estate.

8. The Plaintiff has standing to bring this action pursuant to 11 U.S.C. §§ 323, 541(a), 542, and 704.

## PARTIES TO THE ACTION

9. The Plaintiff is the duly appointed, qualified and acting Chapter 7 trustee for Debtor's Estate. This action is brought by the Plaintiff in her representative capacity only.

10. The Plaintiff is informed, believes, and alleges that Debtor/Defendant Farhad Mohebbi is an individual residing at 30282 Sonrisa Lane, Laguna Niguel, California 90201 and is the debtor in the above-captioned bankruptcy case.

11. The Plaintiff is informed, believes, and alleges that Defendant Nasim Mohebbi is an individual residing at 30282 Sonrisa Lane, Laguna Niguel, California 90201, and is the spouse of the Debtor.

## GENERAL ALLEGATIONS

12. The Plaintiff incorporates each and every allegation contained in paragraphs 1 through 11 as though fully set forth herein.

13. The Plaintiff is informed, believes, and alleges that the Debtor resides at the real property located at 30282 Sonrisa Lane, Laguna Niguel, California 90201 ("Sonrisa Property").

14. The Plaintiff is informed, believes and alleges that the Debtor's filed Schedule J alleges that the Debtor pays $1,517.05 for rental or home ownership expenses for the Debtor's residence.

15. The Plaintiff is informed, believes and alleges that the Debtor's filed Schedule J alleges that the Debtor additionally pays (i) property, homeowner's, or renter's insurance; (ii) home maintenance, repair, and upkeep expenses; (iii) homeowner's association or condominium dues; and (iv) various utilities for the Sonrisa Property.

16. The Plaintiff is informed, believes, and alleges that prior to the Petition Date, Debtor was on title to, and held an interest in, the Sonrisa Property.

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

17. The Plaintiff is informed, believes and alleges that, prior to the Petition Date, the Debtor and Nasim Mohebbi purchased property located at 24812 Weyburn Drive, Laguna Hills, California 92653 ("Weyburn Property," and collectively with the Sonrisa Property, the "Properties").

18. The Plaintiff is informed, believes, and alleges that prior to the Petition Date, Debtor was on title to, and held an interest in, the Weyburn Property.

19. The Plaintiff is informed, believes, and alleges that Nasim Mohebbi is the wife of the Debtor.

20. The Plaintiff is informed, believes and alleges that on or about May 19, 1991, Debtor and Nasim married.

21. The Plaintiff is informed, believes and alleges that on or about June 21, 2007, Debtor and Nasim obtained a dissolution of marriage.

22. The Plaintiff is informed, believes and alleges that on or about December 24, 2007, Debtor and Nasim remarried.

23. Debtor entered into several agreements divesting of the Debtor's property interests to Nasim: (i) an agreement incorporated by the dissolution judgment relating to the dissolution of the Debtor's and Nasim's marriage entered into on or about June 21, 2007 ("Dissolution Agreement"); (ii) a premarital agreement entered into on or about December 15, 2007 ("Premarital Agreement"); and (iii) a property agreement dated March 17, 2010 ("Property Agreement").

24. The Plaintiff is informed, believes, and alleges that Debtor transferred bare legal title to the Sonrisa Property to Nasim prior to the Petition Date as an intra-family transfer for no consideration ("Sonrisa Transfer").

25. The Plaintiff is informed, believes and alleges that Debtor transferred bare legal title to the Weyburn Property to Nasim prior to the Petition Date as an intra-family transfer for no consideration ("Weyburn Transfer," and collectively with the Sonrisa Transfer, the "Transfers").

26. The Plaintiff is informed, believes, and alleges that Nasim took bare legal title to both the Sonrisa Property and the Weyburn Property as joint tenants.

27. The Plaintiff is informed, believes, and alleges that at the time of the Transfer, Sully retained her equitable interest in the Property.

28. The Plaintiff is informed, believes, and alleges that at the time of the Transfers, Debtor did not intend Nasim to receive Debtor's equitable interest.

29. The Plaintiff is informed, believes, and alleges that Debtor held his equitable interest in the Sonrisa Property and the Weyburn Property on the Petition Date.

30. The Plaintiff is informed, believes, and alleges that, after the Sonrisa Transfer, the Debtor continued to live in, and enjoy the benefits of, the Sonrisa Property.

31. The Plaintiff is informed, believes and alleges that, after the Weyburn Transfer, the Debtor continued to enjoy the benefits of the Weyburn Property.

32. The Plaintiff is informed, believes, and alleges that, after the Transfers the Debtor continued to exercise control over the Properties.

33. The Plaintiff is informed, believes, and alleges that either directly or through the subterfuge as "rent," or both, Debtor has continuously paid the mortgage, taxes and maintenance expenses for the Sonrisa Property since the Sonrisa Transfer.

34. In bringing this proceeding, the Plaintiff demands Nasim reconvey the interest in the Properties she received from Debtor under the Transfers back to Debtor.

35. The Plaintiff is informed, believes, and alleges that at no point prior to the initiation of this proceeding did Debtor demand Nasim reconvey the interest in the Properties she received from Debtor under the Transfers back to Debtor.

## FIRST CLAIM FOR RELIEF

### (For Imposition of Resulting Trusts)

36. The Plaintiff incorporates each and every allegation contained in paragraphs 1 through 35, inclusive, as though fully set forth herein.

37. The Plaintiff is informed, believes, and alleges that at the time of the Sonrisa Transfer, Debtor and Nasim agreed that Nasim would hold bare legal title to the Sonrisa

Property for the benefit of Debtor and Debtor would retain his beneficial interest in the Sonrisa Property.

38. The Plaintiff is informed, believes, and alleges that at the time of the Weyburn Transfer, Debtor and Nasim agreed that Nasim would hold bare legal title to the Weyburn Property for the benefit of Debtor and Debtor would retain his beneficial interest in the Weyburn Property.

39. The Plaintiff is informed, believes, and alleges that each of the Transfers occurred for the purpose of protecting and hiding the respective Properties so that no creditor could recover from them.

40. The Plaintiff is informed, believes, and alleges that the Transfers occurred between Debtor and his spouse, Nasim.

41. The Plaintiff is informed, believes, and alleges that the Transfers were made to Nasim from Debtor for no consideration.

42. The Plaintiff is informed, believes, and alleges that Debtor continues to exercise control over the Sonrisa Property and live in the Sonrisa Property.

43. The Plaintiff is informed, believes, and alleges that Debtor continues to exercise control over the Weyburn Property, which is a rental property.

44. The Plaintiff is informed, believes, and alleges that either directly or through the subterfuge as "rent," or both, Debtor has continuously paid the mortgage, taxes and maintenance expenses for the Sonrisa Property since the Sonrisa Transfer.

45. The Plaintiff is informed, believes, and alleges that either directly or through the subterfuge as "rent," or both, Debtor has continuously paid the mortgage, taxes and maintenance expenses for the Weyburn Property since the Weyburn Transfer

46. In bringing this proceeding, the Plaintiff demands Nasim reconvey the interest in the Properties she received from Debtor under the Transfers back to Debtor.

47. The Plaintiff is informed, believes, and alleges that at no point prior to the initiation of this proceeding did Debtor demand Nasim reconvey the interest in the Properties she received from Debtor under the Transfers back to Nasim.

48. By reason of the foregoing, the Plaintiff is entitled to the imposition of a resulting trust on the Properties and an order declaring title in the Properties to be in the name of Debtor and Nasim as joint tenants and, as a result, property of the Debtor's bankruptcy estate.

## SECOND CLAIM FOR RELIEF

### (For Declaratory Relief)

49. The Plaintiff incorporates each and every allegation contained in paragraphs 1 through 48, inclusive, as though fully set forth herein.

50. The Plaintiff is informed, believes, and alleges that an actual controversy exists between the Plaintiff and Nasim, relating to the Estate's rights to the Properties.

51. The Plaintiff contends that the Properties are property of the Estate and Plaintiff seeks a declaration of rights that the Properties are property of the Estate.

52. The Plaintiff further contends the Estate holds joint interest in the Properties with Nasim.

53. The Plaintiff is informed, believes, and alleges that Nasim disputes the each of the Plaintiff's contentions made in paragraphs 51 and 52 above.

54. As a result of the foregoing controversies and disputes, Plaintiff requests a judicial declaration that Debtor is a joint owner of the Properties, and such interests are property of the Estate.

## THIRD CLAIM FOR RELIEF

### (For Turnover of Property of the Estate Pursuant to 11 U.S.C. § 542)

55. The Plaintiff incorporates each and every allegation contained in paragraphs 1 through 54, inclusive, as though fully set forth herein.

56. The Plaintiff is informed, believes, and alleges that on the Petition Date, Debtor had a legal and/or equitable interest in each of the Properties that were the subject of the Transfers and the Properties were property of the Estate that Plaintiff has standing to administer for the benefit of Debtor's creditors.

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

57.  The Plaintiff is informed, believes, and alleges that the Nasim is on title on the Properties and is in possession of the Properties.

58.  Pursuant to 11 U.S.C. § 542(a), Plaintiff seeks an order compelling the turnover of the Properties or their value from Nasim for the benefit of the Estate so that it can be administered for the benefit of the Debtor's creditors.

## FOURTH CLAIM FOR RELIEF

**(For Authorization to Sell the Estate's Interest and the Interest of Nasim Mohebbi in the Properties Pursuant to 11 U.S.C. § 363(h))**

59.  The Plaintiff incorporates each and every allegation contained in paragraphs 1 through 58, inclusive, as though fully set forth herein.

60.  The Plaintiff is informed and believes, and based thereon alleges that partition in kind of the Property among the Estate and Nasim is impracticable.

61.  The Plaintiff is informed and believes, and based thereon alleges that the sale of the Estate's undivided interest in the Properties would realize significantly less for the Estate than the sale of the Properties free of the interests of Nasim.

62.  The Plaintiff is informed and believes, and based thereon alleges that the benefit to the Estate of a sale of the Properties free of the interests of Nasim outweighs the detriment, if any, to Nasim.

63.  The Plaintiff is informed and believes, and based thereon alleges that the Properties are not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power.

64.  For the aforementioned reasons, Plaintiff may sell both the Estate's interest under 11 U.S.C. § 363(b), and the interest of Nasim in the Properties pursuant to 11 U.S.C. § 363(h).

**WHEREFORE**, the Plaintiff prays that this Court enter a judgment against the Defendants as follows:

### On the First Claim for Relief

1. For judgment imposing a resulting trust on the Properties and an order declaring title in the Properties to be in the name of the Trustee for the benefit of the Estate and Nasim jointly.

### On the Second Claim for Relief

2. For judgment declaring the Properties to be property of the Estate.

### On the Third Claim for Relief

3. For judgment requiring that the Properties be turned over to the Plaintiff for the benefit of the Estate pursuant to 11 U.S.C. § 542.

### On the Fourth Claim for Relief

4. For judgment that the Plaintiff may sell both the Estate's interest, pursuant to 11 U.S.C. § 363(b), and the interest of Nasim, pursuant to 11 U.S.C. § 363(h), in the Properties.

### On all Claims for Relief

5. For judgment awarding attorney's fees and costs to the Plaintiff;

6. For judgment awarding such other and further relief as the Court deems just and proper.

Respectfully submitted,

Dated: September 9, 2020     WEILAND GOLDEN GOODRICH LLP

By: /s/ *Reem J. Bello*
REEM J. BELLO
RYAN W. BEALL
Counsel for Chapter 7 Trustee
Weneta M.A. Kosmala

**B1040 (FORM 1040) (12/15)**

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>Weneta M.A. Kosmala, Chapter 7 Trustee | **DEFENDANTS**<br>Farhad Mohebbi<br>Nasim A. Mohebbi |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Weiland Golden Goodrich LLP<br>650 Town Center Drive Suite 600<br>Costa Mesa, CA 92626 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☐ Debtor   ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☐ Other<br>■ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor   ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Complaint: (1) For Imposition of Resulting Trusts; (2) Declaratory Relief; (3) Turnover of Property of the Estate Pursuant to 11 U.S.C. § 542(a); and (4) for Authorization to Sell Real Property in which Co-Owner Holds Interest Pursuant to 11 U.S.C. § 363(h)

**NATURE OF SUIT**

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
- [1X] 11-Recovery of money/property - §542 turnover of property
- ☐ 12-Recovery of money/property - §547 preference
- ☐ 13-Recovery of money/property - §548 fraudulent transfer
- ☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
- ☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
- [2] 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
- ☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
- ☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
- ☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
- ☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
- ☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
- ☐ 61-Dischargeability - §523(a)(5), domestic support
- ☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
- ☐ 63-Dischargeability - §523(a)(8), student loan
- ☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
- ☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
- ☐ 71-Injunctive relief – imposition of stay
- ☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
- ☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
- ☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
- ☐ 01-Determination of removed claim or cause

**Other**
- ☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
- ☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought | |

**B1040 (FORM 1040) (12/15)**

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | | |
|---|---|---|---|
| NAME OF DEBTOR<br>Farhad Mohebbi | BANKRUPTCY CASE NO.<br>8:19-bk-11975-TA | | |
| DISTRICT IN WHICH CASE IS PENDING<br>Central District, Santa Ana Division | DIVISION OFFICE<br>Santa Ana | NAME OF JUDGE<br>T. Albert | |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | | |
| PLAINTIFF | DEFENDANT | | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>/s/ Reem J. Bello | | | |
| DATE<br>09/09/2020 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Reem J. Bello | | |

**INSTRUCTIONS**

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.